IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-01289-PAB-KLM

LEISERV, LLC, a Delaware limited liability company,

    Plaintiff,

v.

SUMMIT ENTERTAINMENT CENTERS, LLC, a Colorado limited liability company, and
SUMMIT COMPANIES INCORPORATED, a Colorado corporation,

    Defendants.

---

## (~~PROPOSED, DISPUTED~~) PROTECTIVE ORDER

---

Pursuant to the motion of the parties, the following Protective Order is entered to govern this action:

WHEREAS, certain documents that are subject to discovery in this action contain sensitive information relating to the parties' and/or third parties' trade secrets or other confidential research, development, or commercial information, including processes, operations, research, know-how, identification of customers, amount or source of income, profits, losses, or expenditures, employee personnel files or information concerning the parties' production, marketing, sales, or pricing ("Confidential Information");

WHEREAS, in the ordinary course of their respective businesses the parties make significant efforts to keep such information confidential from competitors, customers and the public at large, as disclosure of such Confidential Information would impair its value or place a party at a competitive disadvantage;

1

WHEREAS, the exchange of Confidential Information between the parties and/or third parties other than in accordance with this Order may cause unnecessary damage and injury to the parties and to others; and

WHEREAS, the Court finds that the terms of this Order are fair and just and that good cause has been shown for entry of this Order.

## ORDER

All documents produced in the course of discovery, all answers to interrogatories, all answers to requests for admission, and all deposition testimony shall be subject to the following provisions:

1. A person or entity producing documents or other information may designate the document, interrogatory response, other discovery response, transcript or other information "Confidential" when it, in good faith, contends that the item produced constitutes or contains Confidential Information. Third parties producing documents in the course of this action may also designate documents or other information as "Confidential," subject to the same protections and constraints as the parties to the action.

2. Designation of Confidential Information shall be made by placing or affixing on the document in a manner which will not interfere with its legibility the word "Confidential." One who provides material may designate it as "Confidential" only when such person/entity in good faith believes it contains Confidential Information.

3. Confidential Information which is of such competitively sensitive nature that its review by an opposing party or third party would cause the producing party imminent and

serious competitive harm may be designated "Confidential – Attorney's Eyes Only." Confidential Information designated "Confidential – Attorney's Eyes Only" is subject to the provisions of this Order governing Confidential Information, except that its disclosure shall be restricted as stated in paragraph 10, below.

4. Except for documents produced for inspection at the designator's facilities or counsel's offices, the designation of material as Confidential shall be made prior to, or contemporaneously with, the production or disclosure of that information. If documents are produced for inspection at the designator's facilities or counsel's offices, such documents may be produced for inspection before being marked Confidential. Once specific documents have been selected for copying, any documents containing Confidential Information will then be marked Confidential after copying but before delivery to the party who inspected and selected the documents. There will be no waiver of confidentiality by the inspection of Confidential Information before it is copied and marked Confidential pursuant to this procedure.

5. Failure to designate information Confidential shall not preclude any party desiring to subsequently designate the information as Confidential from doing so by requesting, in writing, that the recipient of the information so mark the information and treat it in accordance with this Protective Order.

6. Portions of depositions shall be deemed Confidential only if they are designated as such when the deposition is taken or within 10 days of the designating party's receipt of a copy of the transcript.

7. Any designator may, at any time, withdraw the Confidential designation for any Confidential Information produced or made that designator.


8. Information or documents designated as Confidential under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in paragraph 9 for any purposes whatsoever other than preparing for and conducting this litigation, including appeals.

9. The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as Confidential by the other party under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

   (a) Disclosure may be made to counsel for the parties and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of this lawsuit. Any such employee to whom counsel for the parties makes a disclosure shall be advised of, and be subject to, the provisions of this Order requiring that the documents and information be held in confidence.

   (b) Disclosure may be made to employees of a party required in good faith to provide assistance in the conduct of this litigation. Prior to disclosure to any employee, the employee must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence by executing the Acknowledgement included with this Order.

   (c) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person

engaged in making photocopies of documents, such person must be informed of the terms of this Order.

(d) Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "expert") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence by executing the Acknowledgement included with this Order.

(e) Disclosure may be made to any person to whom the designator agrees in writing.

10. Disclosure of Confidential Information designated "Confidential – Attorney's Eyes Only" shall be restricted to counsel for the requesting party and specially retained non-employee experts and non-testifying experts. Confidential Information designated "Confidential – Attorney's Eyes Only" shall not be disclosed to the requesting party or to any other person, except as may be ordered under paragraph 14 of this Order.

11. Except as provided in paragraphs 9 and 10, counsel for the parties shall keep all documents designated as Confidential which are received under this Order secure within their exclusive possession and shall place such documents in a secure area.

12. All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as Confidential under this Order, or any portion thereof, shall be immediately affixed with the word Confidential if that word or phrase does not already appear.

13. To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court reveal or tend to reveal information claimed to be Confidential, those papers or any portion thereof may be filed under seal by the filing party with the Clerk of the Court in an envelope marked "SEALED." A reference to this Order shall also be made on the envelope. The information claimed to be Confidential shall be subject to D.C.COLO.LCivR 7.2 and shall only be restricted from public access as allowed by that rule.

14. No party concedes that any material designated by any other person as Confidential does in fact contain or reflect trade secrets, proprietary or confidential information, or has been properly designated as Confidential. Any party may at any time, on reasonable notice, move for relief from the provisions of this Order with respect to specific material. Such disputes and motions shall be subject to the Court's Discovery Dispute Hearing Procedures (Updated May 7, 2014).

15. The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertently or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

16. At the conclusion of the litigation, all material not received in evidence and treated as Confidential under this Order shall be returned to the originating party. If the parties so stipulate, the material may be destroyed.

17. This Order does not restrict the use by a designator of the designator's own documents or information.

18. All civil remedies available to a party injured by a violation of this Order are preserved in full.

19. This Order shall survive and continue to be binding after the conclusion of this action. The Court shall retain jurisdiction to enforce this Order.

Entered this 12th day of ~~October~~ November, 2015.

BY THE COURT:

_____
Kristen L. Mix
United States Magistrate Judge