IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 15-cv-01289-PAB-KLM

LEISERV, LLC, a Delaware limited liability company,

Plaintiff,

v.

SUMMIT ENTERTAINMENT CENTERS, LLC, a Colorado limited liability company, and
SUMMIT COMPANIES INCORPORATED, a Colorado corporation,

Defendants.

---

## ORDER

---

This matter is before the Court on Defendants' Motion to Strike Plaintiff's Belated

Claim on a Promissory Note [Docket No. 89], Plaintiff's Motion in Limine Regarding

Related Cases [Docket No. 90], and Plaintiff's Motion in Limine Regarding Unaccepted

Offers and Settlement Communications [Docket No. 91].  This Court has jurisdiction

pursuant to 28 U.S.C. § 1332.

## I. BACKGROUND[1]

This action arises out of a dispute regarding the ownership and operations of a

bowling and recreation center (the "Center") in Colorado Springs.  Defendant Summit

Entertainment Centers, LLC ("Summit") is the owner of the Center.  Docket No. 116 at

1.  Plaintiff Leiserv, LLC and its affiliate companies own or operate numerous family

---

[1] The following facts are undisputed unless otherwise indicated.  Further
background of this case is set out in the order on the parties' cross motions for
summary judgment.  Docket No. 116.

entertainment centers around the country.  *Id.* at 1-2.  Summit and Leiserv, Inc. (plaintiff's predecessor company) entered into an Operations Services Agreement (the "Agreement"), whose effective date was April 15, 2011.  *Id*. at 2.[2]  The Center opened in April 2012.  *Id*. at 3.

Disputes between Leiserv and Summit arose around the time Leiserv was purchased by Bowlmor AMF Corp. in the summer of 2014.  Docket No. 91 at 2, ¶ 2.  In relation to these disputes, the parties discussed the possibility of Leiserv purchasing the Center.  *Id*.; Docket No. 114 at 2.  In August 2014, Summit offered to sell the Center for $17 million, and Leiserv counteroffered $13 million, which Summit did not accept. Docket No. 91 at 2, ¶ 2; Docket No. 114 at 2.

Although the parties reached a partial agreement on some issues, the dispute between them escalated and, in March 2015, the parties exchanged notices terminating the Agreement.  Docket No. 114 at 2.  In April 2015, Leiserv and Summit each filed lawsuits in District Court for the City and County of Denver, Colorado.  Docket No. 90 at 2.[3]  Leiserv filed a motion seeking the appointment of a receiver, which was denied. Docket No. 114 at 2.  Both parties dismissed their cases.  Docket No. 90 at 2.

On April 19, 2015, Summit took over operations of the Center.  Docket No. 116 at 4.

_____

[2] The Agreement states that disputes about the agreement are to be governed by Colorado law.  Docket No. 19-1 at 7, ¶ 5(d).

[3] Plaintiff states these cases were *Leiserv LLC v. Summit Entertainment Centers, LLC*, No. 2015CV31293 (Denver District Court, filed Apr. 10, 2015) and *Summit Entertainment Centers LLC v. Leiserve [sic] LLC*, No. 2015CV31294 (Denver District Court, filed Apr. 10, 2015).  Docket No. 90 at 2.

On April 21, 2015, Leiserv filed a lawsuit in El Paso County District Court seeking to enforce non-compete agreements against its former employees who had gone to work for Summit. Docket No. 90 at 2-3.[4] The El Paso court administratively closed the case pending arbitration, but the parties did not proceed to arbitration. *Id.*

In May 2015, the parties unsuccessfully participated in non-binding mediation. Docket No. 114 at 2-3.

On June 17, 2015, Leiserv notified Summit of its intent to exercise a purchase option in the Agreement based on an alleged appraised value of $5,100,000. Docket No. 43 at 3. On June 18, 2015, Leiserv filed a complaint in this Court alleging, in part, that Summit breached the Agreement by not negotiating the fair market value of the Center in good faith. Docket No. 1 at 5-6. Plaintiff alleges that Summit's failure to negotiate in good faith is "delaying its ownership and enjoyment of the profits of the Center." Docket No. 1 at 5-6, ¶ 27. On July 10, 2015, defendants filed counterclaims alleging, in part, that plaintiff breached its obligations of good faith and fair dealing under the Agreement by "mismanaging the business affairs of the Center (through personnel and other maneuverings) to deflate the value of the Center." Docket No. 13 at 13, ¶ 31. Defendants also counterclaim that plaintiff breached the Agreement by failing to pay the Center's property taxes with funds it accrued for that purpose. Docket No. 126 at 9.

On March 28, 2016, Leiserv filed another lawsuit in the District Court for the City and County of Denver, Colorado related to defendant Summit Companies

---

[4] *Leiserv, LLC v. Performance Entertainment, LLC et al.*, No. 2015CV31125 (El Paso District Court, filed April 21, 2015).

Incorporated's plans to build a bowling center in Thornton Colorado.  Docket No. 90 at 3.[5]

On March 31, 2016, the last day of discovery in this case, Leiserv served supplemental initial disclosures indicating that it sought damages based on a promissory note dated July 8, 2011 in the amount of $42,256.00.  Docket No. 113 at 2.  According to its terms, the promissory note is due the earlier of (i) July 8, 2032 or (ii) upon Summit's transfer of the Center.  Docket No. 89-2 at 1.  Leiserv did not produce a copy of the promissory note in discovery, but, on October 10, 2016, provided it in response to a request from defendants.  Docket No. 113-1, 113-2.  In the final pretrial order, Leiserv stated that "upon termination of the Agreement and completion of the exercise of the purchase option, a promissory note came due that Summit failed to pay."  Docket No. 75 at 3.  Defendants objected to the inclusion of this language as a new claim.  *Id.* at 11.  The same language about the promissory note appears in the amended final pretrial order.  Docket No. 126 at 3, 11.

On January 13, 2017, the parties filed the present motions.  Defendants seek to strike Leiserv's newly-added claim for breach of the promissory note.  Docket No. 89.  Leiserv seeks to exclude evidence of all the other lawsuits between the parties, Docket No. 90, and the negotiations regarding a potential sale of the Center in August 2014.  Docket No. 91.

---

[5] *Leiserv v. Summit Companies, Inc.*, No. 2016CV31095 (Denver District Court filed Mar. 28, 2016).

## II. DISCUSSION

### A. Defendants' Motion to Strike

Defendants argue that Leiserv improperly failed to plead a claim for nonpayment of the promissory note before including it in the final pretrial order and that, in any event, such a claim would be insufficient because the note is not yet due. Docket No. 89 at 3. Although plaintiff argues that it made defendants aware of issues regarding the promissory note before the final pretrial order was prepared, Docket No. 113 at 2, it does not deny that there is no claim for breach of the promissory note in the complaint and that the first time it attempted make such a claim was in the final pretrial order. Plaintiff asserts that "it does not matter whether a note claim was pleaded, as the pleadings do not now control this case. Rather, the Final Pretrial Order presently controls this action and all pleadings are deemed merged into that Order." *Id.* at 1. Had defendants failed to object to the inclusion of this claim, plaintiff would be correct. But defendants did object. Docket No. 75 at 11. Allowing a party to simply add claims to the final pretrial order would defeat the purposes of the scheduling order. "[W]e do not normally expect to see claims . . . not contained in the pleadings appearing for the first time in the pretrial order. . . . Such a practice deprives one's adversary of fair notice, possibly discovery, and the opportunity for motion practice, and is subject to abuse by those who employ a sporting theory of justice. The laudable purpose of Fed. R. Civ. P. 16 is to avoid surprise, not foment it." *Wilson v. Muckala*, 303 F.3d 1207, 1215-16 (10th Cir. 2002). Here, defendants are prejudiced by the inability to take discovery or file motions related to the claim. Therefore, the Court will strike plaintiff's

claim on the promissory note from the amended final pretrial order.

**B. Leiserv's Motion to Exclude Evidence of the Other Lawsuits**

Leiserv argues that defendants should be barred from referring to the other lawsuits between the parties as irrelevant under Fed. R. Civ. P. 402 because such litigation "is simply too far afield from any issue in dispute." Docket No. 90 at 4. In the alternative, Leiserv argues that reference to the other litigation should be barred under Fed. R. Evid. 403 because testimony regarding the other lawsuits would delay the proceedings, cause jury confusion due to the different burdens of proof involved in those cases, and prejudice plaintiff given defendants' attempts to characterize the rulings in those lawsuits as a win for defendants. *Id.* at 5. Defendants respond that the other litigation is relevant because it shows that, "[d]uring the period that Leiserv accuses Summit Entertainment of failing to negotiate in good faith, Leiserv was repeatedly suing Summit Entertainment." Docket No. 115 at 4-5. Defendants further argue that Summit would be unfairly prejudiced if it were denied the opportunity to present evidence that Leiserv's "litigiousness was a repeated impediment to good faith negotiations." *Id.* at 6.

The Court finds that the three lawsuits that preceded the parties' mediation have some relevance as to whether Summit negotiated in good faith with plaintiff given Summit's claim that plaintiff's litigiousness was an impediment to the negotiations. With respect to the lawsuit filed in 2016, which was filed long after the parties' unsuccessful mediation, defendants have not shown it has any relevance to the issues in this case. The Court will therefore grant Leiserv's motion with respect to the 2016 lawsuit pursuant to Fed. R. Evid. 402.

The Court next examines plaintiff's arguments under Rule 403 regarding the pre-mediation lawsuits. The degree of delay or jury confusion that may result from defendants introducing evidence of these three lawsuits depends on the detail that defendants present. Defendants provide little explanation of how the lawsuits affected Summit's bargaining position or were an impediment to negotiations. Defendants provide no explanation of why the results of rulings in those lawsuits affected the negotiations. However, it is clear, as plaintiff fears, that defendants intend to use those rulings in an attempt to demonstrate that courts have repeatedly found plaintiff's claims to be meritless, even though the issues in those cases are different from the issues in this case. Because the probative value of the court rulings is substantially outweighed by the danger of undue delay, undue prejudice, and jury confusion, defendants are prohibited from mentioning or introducing evidence concerning the outcome of such cases or the rulings issued during them. Defendants may refer to the filing and pendency of such litigation to the extent that such evidence bears on their, not plaintiff's, refusal to engage in good faith negotiations.

### C.   Leiserv's Motion to Exclude Evidence of the August 2014 Negotiations

Leiserv argues that the Court should exclude evidence that it offered to buy the Center because the offer is not probative of the value of the Center. Docket No. 91 at 3, ¶ 4. In the alternative, Leiserv argues that its purchase offer must be excluded pursuant to Fed. R. Evid. 408(a) because it was made in relation to an attempt to resolve a dispute between the parties. *Id*., ¶ 5. Defendants respond that the earlier purchase offer shows that Summit negotiated in good faith at the mediation when Summit valued the Center more highly than Leiserv's substantially reduced valuation.

7

Docket No. 114 at 3. Defendants also argue that Fed. R. Evid. 408 is inapplicable because the negotiations Leiserv seeks to exclude are unrelated to the claims in this suit, given that, when the offer was made, the Agreement had not yet been terminated and Leiserv had yet to invoke its purchase option. *Id*. at 4.

The Court agrees with defendants that Leiserv's offer to buy the Center is relevant. Because Leiserv accuses of Summit of not negotiating in good faith, Summit's basis for refusing the offer is "of consequence in determining [this] action." Fed. R. Evid. 401(b). While Leiserv's offer to buy the Center at a higher price may or may not be relevant to the Center's value, the offer price may show that Summit was negotiating in good faith when it later refused to accept a much lower price. *See* Fed. R. Evid. 401(a).

The Court also finds that Fed. R. Evid. 408 does not require exclusion of Leiserv's offer to buy the Center. As the Court explained in its summary judgment order, Fed. R. Evid. 408(a) does not bar evidence of offers to settle claims other than those involved in the instant litigation. Docket No. 116 at 17 (citing *Broadcort Capital Corp. v. Summa Med. Corp.*, 972 F.2d 1183, 1194 (10th Cir. 1992)). Further, defendants can use those prior negotiations to show that Summit did not act in bad faith in subsequent negotiations "so long as [evidence of the negotiations] is not used to prove or disprove liability on the claim being settled or the amount of that claim." *Id*. at 18 (citing *Towerridge, Inc. v. T.A.O., Inc.*, 111 F.3d 758, 770 (10th Cir. 1997)). Accordingly, the Court will deny Leiserv's motion to exclude evidence of the August 2014 negotiations.

8

**III.  CONCLUSION**

For the foregoing reasons, it is

**ORDERED** that Defendants' Motion to Strike Plaintiff's Belated Claim on a Promissory Note [Docket No. 89] is **GRANTED**.  It is further

**ORDERED** that Plaintiff's Motion in Limine Regarding Related Cases [Docket No. 90] is **GRANTED** in part and **DENIED** in part.  It is further

**ORDERED** that Plaintiff's Motion in Limine Regarding Unaccepted Offers and Settlement Communications [Docket No. 91] is **DENIED**.

DATED September 12, 2017.

BY THE COURT:

 s/Philip A. Brimmer                              
PHILIP A. BRIMMER
United States District Judge